UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WENDY GAIL ROSEBURGH, )<br>)<br>*Petitioner*, )<br>)<br>v. )<br>)<br>JON KERRY BLACKWOOD and )<br>JAMES L. BERRONG, )<br>)<br>*Respondents*. ) | No.: 3:08-cv-334<br>(VARLAN/SHIRLEY) |

## **MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254; petitioner has paid the filing fee. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum and accompanying Judgment Order on the respondents and the Attorney General of the State of Tennessee. However, for the reasons stated below, the respondents shall not be required to file an answer or other pleading to the petition, the petition will be **DENIED**, and this action will be **DISMISSED**.

Petitioner is challenging her conviction for criminal contempt entered by the Circuit Court for Blount County, Tennessee, on August 7, 2008, which resulted in a sentence of two days in jail. A petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his or her available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus

petition must have been presented to the state appellate courts. *Picard v. Connor*, 404 U.S. 270 (1971).

Petitioner admits that she did not appeal her conviction. In addition, given the fact that the conviction was imposed on August 7, 2008, and the habeas petition was received by the Court on August 22, 2008, there has not been sufficient time for petitioner to have exhausted her remedies in the state courts.

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this Court at this time, the petition for the writ of habeas corpus is **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2